UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Amin H. Gibbs

_(In the space above enter the full name(s) of the plaintiff(s).)_

- against -

THE PHILA. POLICE DEPARMENT

Det. James Burns # 8056

P/O John Krewer # 3354

Det. Donald Marano #831

Det. Jhon Verrecchio #609

Det. Harkins # 787

P/O Craig Perry #1337

Det. Thomas Gaul # 804

Det. Tracey Byard # 8110

Det. Lucke # 880

SGT. Wilkins # 8870

_(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)_

RECEIVED FEB 27 2017

'17-5445

COMPLAINT

under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☑ Yes ☐ No
(check one)

FILED
FEB 27 2017
KATE BARKMAN, Clerk
By_____Dep. Clerk

I. Parties in this complaint:

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name      Amin H. Gibbs
            ID #      DD-7148
            Current Institution   S.C.I. PINEGROVE
            Address   191 Fyock Road
                      Indiana, PA 15701

Rev. 10/2009

B.  List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1  Name **Det. James Burns** Shield # **8056**
Where Currently Employed **Phila. Police Department (Homicide Unit)**
Address **750 Race Street (16th Dist.)**
**Phila. Pa 19106**

Defendant No. 2  Name **P/O John Krewer** Shield # **3354**
Where Currently Employed **12th Dist. S.W.P. Tactical Unit**
Address ~~750 Race St.~~
**Phila., PA 19143**

Defendant No. 3  Name **Det. Donald Marano** Shield # **831**
Where Currently Employed **Phila. Police Department**
Address **750 Race Street**
**Phila., PA 19106**

Defendant No. 4  Name **Det. John Verrecchio (Homicide Unit)** Shield # **609**
Where Currently Employed **The Phila. Police Department**
Address **750 Race St.**
**Phila., PA 19106**

Defendant No. 5  Name **The Phila. Police Department** Shield # ____
Where Currently Employed ____
Address **750 Race Street**
**Phila. PA 19106**

## II. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.  In what institution did the events giving rise to your claim(s) occur? **The crime alleged (acquitted) occurred in West Phila. on 11/17/12 for homicide.**

B.  Where in the institution did the events giving rise to your claim(s) occur? **West Park apartments 44th and Market Street, Phila., PA 19104, 4445 Holden Street**

C.  What date and approximate time did the events giving rise to your claim(s) occur? **11/17/12 2:18 am**

Det. Thomas Gaul    Badge #804
(Homicide Det.) Phila. Police Department
    750 Race Street
        Phila., PA 19106

Det. Harkins    Badge #787
(Homicide Div.) Phila. Police Department
    750 Race Street
        Phila., PA 19106

Sgt. Wilkins    Badge #8870
(Homicide Det.) Phila. Police Department
    750 Race Street
        Phila., PA 19106

Det. Byard, Tracey badge #8110
(Homicide Div.) Phila. Police Department
    750 Race St.
        Phila., PA 19106

Det. Thorston Lucke Badge #880
(Homicide Div.) Phila. Police Department
    750 Race St.
        Phila., PA 19106

P/O Craig Perry #1337
(assigned technician) Phila. Police Department
    Crime Scene Unit
    750 Race St.
        Phila., PA 19106

P/O Frank Ruffin #7278
16th Dist. & his partner
P/O Harvey #9757

of the 39th Lancaster Ave.
16th Dist.
    Phila., PA 19104

At all relevant times herein, defendants were "persons" for purposes of 42 U.S.C. Section 1983 and acted under color of law to deprive plaintiffs of his constitutional rights, as set forth more fully below.

1. The Phila. Police Department hired the police officers and detectives who initiated a false arrest on the plaintiff, and from that time since, violated his const. rights, and it is ongoing due to his still being incarcerated.

2. Det. Marano on 11/17/12 suggestively identified the plaintiff to a Mr. Anthony Wells, added two sheets purporting it to be from Mr. Wells after the statement was concluded, changed the control # to the statement, & during trial could not positively state what or who lead him to Mr. Wells nor provide the proof of the lead.

3. Det. Thomas Gaul on 11/23/12 issued a search warrant on the defendant at 9:50 pm without describing persons (plaintiff); things to be seized (VUFA), places to search, an overbroad statement & was exploratory in it's nature. It also did not list cellphone in it's inventory, and used cellphone evid. was erroneously used to convict plaintiff.

4. Det. Lucke signs #880 bottom of search warrant that det. Gaul provides as a true and correct listing of all items seized and cellphone is not a listed item in that 11/23/12 @ 9:50 pm search. Det. Lucke also during trial gave testimony that the cellphone in question was a T-Mobile activated phone and it was not. Text's was not in discovery by this det. Plaintiff was in custody, he and Ms. Malone (3rd party's of residence) 7:15 pm 11/23/12. Therefore, the home was entered illegally under the guise of parole violation without an agent present to avoid the 4th amend. requirement, and issued a search warrant as if property was untainted later by no entry; warrant must be before and not after entry.

5. Det. Burns was the lead det. and only provided in discovery certain cellphone evid. as to a would be assailant's cellular phone, only duration calls but not cell-site data is provided at trial that was dated 2/24/2013 5:17 am. Det. Burns directed all others under his control, and he participated in intimidating witnesses he & his partner (Harkins).

6. Det. Verrecchio testified that cellphone evid. was given to him by a T-Mobile company and it was not as he purports "Dec. 11, 2012 by a Mr. Joseph Sierra" because during trial, trial counsel addressed the judge about manufactured evid. but neglected to present what was in the possession of the defense (facsimile cover sheet) from Mr. Joseph Sierra (T-Mobile official), telling det. Verrecchio to go to Tracfone, owner of said cellphone. Plaintiff did not receive all info by det. V.

7. Would be assault victim Mr. Handy testified at both prelim. hearing and trial that he was bribed and threatened and violated for parole to put everything alleged on the plaintiff

— Turn over ——→

Pg.1 ———  →Pg.2→

8. P/O's Frank Ruffin and Andrew Harvey testified to an event at Dec. trial of plaintiff that 10/24/12 a shooting occured and that on that day they two arrived at a said location (Busti St.) and received no witnesses nor any physical evidence and reported this to det. Gaul 11/29/12 and not the day alleged.

9. P/O Jhon Krewer made actual entry to arrest the plaintiff on 11/23/12. Claiming plaintiff as being wanted for a homicide. He acted on a tip (unidentified). However, plaintiff was not charged for homicide until 12/4/12.

10. Sgt. Wilkins and det. Byard on 11/24/12 threatend the parole of another for a statement on the plaintiff (Mr. Hunter).

11. Ms. Malone on 11/24/12 also was threatend and was loosed on a warrant after giving a statement on plaintiff. By Verrecchio and Gaul (detectives) she testified.

12. The Commonwealth did know or should have known of the forgeries, bribes, perjuries and misconducts committed.

13. Trial judge also ignored the misconducts brought to her attention, that was before her during trial, and also joined in on the misconducts during trial from Dec. 1 – Dec. 11, of 2014.

Plaintiff did not have a fair trial, arrest warrants does not issue for parole violators, the so-called (4) 911 calls about 10/24/12 shooting went unprovided at trial and the said cellphone witnesses was not cross-examined nor was an expert by the Commonwealth provided to the defense nor were the civilian cellphone persons by way of text's and the expert in the discovery nor pretrial conference Plaintiff had right to face his accusers in his Dec. trial of 2014.

Examples of perjury exhibit FC impeaches pg's 21-22 lines 2-13 and 25 lines 20-25 cont. 26 line 2 of Dec. 4, 2014 transcripts from trial. Trial Counsel Mr. Medway tells trial court pg's 7 lines 18-25 cont. 8 lines 2-10 of Dec. 4, 2014 t.t.

However, those text's purported by T-Mobile convicted plaintiff. Dec. 3, 2014 t.t. pg.'s 252 lines 2-13, 254 cont. 255 line 2, 256-260. The objection was first sustained by proper reason put forth. Later trial judge cannot reallow what was sustained inadmissible partially admissible, Showing biasness and helping the prosecution get evid. in anyway no matter what by telling the prosecution to lie and say the det. was the lead det. (see Dec. 3, 2014 t.t. pg. 259 lines 8-25 cont. to pg. 260 lines 2-8.

See also pages 6 lines 17-25 cont. 7 lines 2-16 of Dec. 4, 2014, the defense was not provided text's and cell-site data.

D. **Facts**

What happened to you? / Who did what? / Was anyone else involved? / Who else saw what happened?

The Phila. Police Department initiated a false arrest on the accused (Amin H. Gibbs) 11/23/12 approx. 7:15 pm for a homicide that occurred on 11/17/12 2:13 am under the guise of him being in violation of his parole, avoiding the entry requirements with it for his arrest in a 3rd party's home, while searching for evid. of a homicide to establish probable cause & proof. 7 witnesses testified that their statements were coerced by threats, bribery, suggestive identification or claims of statements having been edited without their consent. The accused was exonerated for homicide charges, but convicted of lesser charges, erroneously by fraudulent and or misstated facts to the jury & upon the court. 12-11-14 (found guilty) and 4-5-15 (sentenced). The defendant was double jeopardized in and by two consecutive prosecutions with evid. that was clearly manufactured. Various law enforcement members (P/O's, det.'s and an FBI agent) participated in the plaintiffs arrest and testified falsely under oath and committed perjury to uphold an arrest. 17½ to 35 yrs. confinement consecutively was delivered to plaintiff. His Pa. Const. and U.S. Const. rights were violated and the Pa. R. Crim. P. were misapplied in his trial.

III. **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

IV. **Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that " [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____ No __✓__

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____ No ____ Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____ No ____ Do Not Know ____

If YES, which claim(s)? _____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____ No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____ No ____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1. Which claim(s) in this complaint did you grieve? _____

_____

2. What was the result, if any? _____

_____

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _____

_____

_____

_____

_____

F.  If you did not file a grievance:

   1. If there are any reasons why you did not file a grievance, state them here: _____
   _____
   _____
   _____
   _____

   2. If you did not file a grievance but informed any officials of your claim, state who you
   informed, when and how, and their response, if any: _____
   _____
   _____
   _____
   _____

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative
remedies. _____
_____
_____
_____
_____
_____
_____

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V.  **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). Plaintiff seeks (50) fifty-million dollars compensation for the crimes committed against him. Plaintiff also seeks a reversal in his conviction because evid. against him was clearly manufactured & brought to the court's attention during the trial and it was ignored. Plaintiff just before trial was exonerated by way of trial under the death penalty Plaintiff was conspired against, placed in the media news by way of news paper and television. Plaintiff stood trial for

charges not alleged in the information against him, the prosecutions law enforcement witnesses committed perjury, plaintiff's Pa. Const. and U.S. Constitutional rights were deliberately violated, the Pa. R.Crim. P.'s were misapplied in order to secure a conviction both before and after plaintiff was found not guilty of homicide on any degree and acquitted of other charges. Plaintiff received cruel and ~~unusal~~ unusual punishment, did not received equal rights, was not presumed innocent until proven guilty, was subjected to arbitrary arrest and detention, plaintiff did not received due process of law, and was severly prejudiced.

Plaintiff also wishes to be returned every penny spent during his incarceration from the Phila. County jail while fighting charges and after while serving time in the State System (legal monies, commissary, medical funds, postages, and court costs and fines), telephone call money, etc..

### VI. Previous lawsuits:

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

<span style="margin-left:2em">On these claims</span>

Yes _____ No __✓__

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

   1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

   2. Court (if federal court, name the district; if state court, name the county) _____

   3. Docket or Index number _____

   4. Name of Judge assigned to your case _____

   5. Approximate date of filing lawsuit _____

   6. Is the case still pending? Yes _____ No _____

      If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) ___

_____

_____

C. Have you filed other lawsuits in state or federal court?

    Yes _____ No __✓__

<small>On other claims</small>

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

3. Docket or Index number _____

4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6. Is the case still pending?  Yes _____ No _____

    If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this __20__ day of __September__, 20__16__.

                              Signature of Plaintiff __Amin Gilly__

                                       Inmate Number __DD 7148__

                                    Institution Address __191 Fyock Road__
                                                                   __Indiana, PA 15701__
                                                                   __S.C.I. Pine Grove__

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 20 day of September, 20 16, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _Junis Gibbs_

**FILED**

FEB 27 2017

KATE BARKMAN, Clerk
By_____Dep. Clerk