IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMIN GIBBS | : | CIVIL ACTION |
| | : | NO. 16-5465 |
| v. | : | |
| | : | |
| THE PHILA. POLICE DEPARTMENT, et al. | : | |

O'NEILL, J.                                                                             September 20, 2017

**MEMORANDUM**

Now before me is a motion by defendant Officer Craig Perry to dismiss the claims of plaintiff Amin Gibbs, who is proceeding pro se, and a partial motion to dismiss plaintiff's claims by all defendants.[1] Dkt. No. 16. For the reasons that follow, I will grant defendants' motions.

**BACKGROUND**

Plaintiff filed a complaint in this matter on October 24, 2016. Dkt. No. 3. He then filed an amended complaint on February 27, 2017. Dkt. No. 6. His amended complaint names the following defendants: Detective James Burns, Police Officer John Krewer, Detective Donald Marano, Detective John Verrecchio, Police Officer Craig Perry, Detective Thomas Gaul, Detective John Harkins, Detective Tracey Byard, Detective Thorsten Lucke, Sergeant Robert Wilkins and the Philadelphia Police Department.[2] Dkt. No. 6. Plaintiff alleges defendants acted

---

[1] The Court entered an Order on July 18, 2017 directing plaintiff to file a response to the pending motions to dismiss and cautioning that, in the absence of such a response, the Court might grant the instant motion as uncontested in accordance with Rule 7.1(c) of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. See Dkt. No. 21. To date, no response has been docketed. Instead, plaintiff submitted a letter to the Clerk of Court on July 24, 2017 attaching "receipts for sending an opposition motion for reasons not to dismiss . . . ," but not including a copy of the opposition. See Dkt. No. 22. Given plaintiff's reported attempt to respond to defendants' motion, the Court will not dismiss plaintiff's claims as unopposed but instead here considers whether plaintiff's amended complaint fails to state a claim.

[2] Plaintiff's claims against the Philadelphia Police Department have been dismissed. See Dkt. No. 10, Dkt. No. 2 (finding that dismissal of the claims against the police

in violation of his rights under 42 U.S.C. § 1983 and brings claims for false arrest and/or false imprisonment and malicious prosecution. See id. at ECF p. 9 ("Plaintiff's Pa. Const. and U.S. Constitutional rights were deliberately violated . . . . Plaintiff received cruel and . . . unusual punishment, did not receive[ ] equal rights, was not presumed innocent until proven guilty, was subjected to arbitrary arrest and detention, plaintiff did not receive[ ] due process of law, and was sever[e]ly prejudiced."). Id.

Plaintiff's claims appear to arise out of his arrest in November 2012, a December 2014 trial and his subsequent sentencing in April 2015. Plaintiff alleges

> [t]he Phila. Police department initiated a false arrest on the accused (Amin H. Gibbs) 11/23/12 approx. 715 pm for a homicide that occurred on 11/17/12 218am under the guise of him being in violation of his parole, avoiding the entry requirements with it for his arrest in a 3rd party's home, while searching for evid. of a homicide to establish probable cause and proof.

Id. at ECF p. 6. He asserts he "was exonerated for homicide charges, but convicted of lesser charges, erroneously by fraudulent and or misstated facts to the jury & upon the court. 12-11-14 (found guilty) and 4-8-15 (sentenced.)" Id. He cites alleged "forgeries, bribes, perjuries and misconducts" and contends he

> did not have a fair trial, arrest warrants does not issue for parole violators, the so-called (4) 911 calls about 10/24/12 shooting went unprovided at trial and the said cellphone witnesses was not cross-examined nor was an expert by the Commonwealth provided to the defense nor were civilian cellphone persons by way of text[s] and the expert in the discovery nor pretrial conference.

Id. at ECF p. 5. Plaintiff asks the Court for "a reversal in his conviction because evid. against him was clearly manufactured & brought to the court's attention during the trial and it was

---

department was warranted "with prejudice as legally baseless, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), because departments of the City of Philadelphia are not legal entities that may be sued separately from the City."); see also Dkt. No. 2 at ECF p. 2.

ignored." Id. at ECF p. 8. He also "seeks (50) fifty-million dollars compensation . . . ." Id.

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In evaluating defendants' motions, I must separate the legal and factual elements of plaintiff's claims, accept the well-pleaded factual allegations as true and disregard any legal conclusions. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). I "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211, quoting Iqbal, 556 U.S. at 679. A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679, quoting Fed. R. Civ. P. 8(a)(2). Where, as here, plaintiff is proceeding pro se, I have "an obligation to construe the complaint liberally." Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

## DISCUSSION

### I.  Officer Perry

Officer Perry seeks to dismiss plaintiff's claims against him because plaintiff's "amended complaint does not allege that [Perry] had personal involvement in any alleged wrongs." Dkt. No. 16 at ECF p. 5. It is well established that a defendant must have personal involvement in the

alleged wrongs to be held liable for a violation of a plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence," but importantly such allegations "must be made with appropriate particularity." Id. Plaintiff has not set forth any facts that would show that Perry directed, had knowledge of, or otherwise assented to or tolerated deprivations or violations of plaintiff's constitutional rights. Indeed, although he is listed as a defendant, plaintiff does not mention Officer Perry in the body of his amended complaint. Accordingly, I will dismiss plaintiff's claims against Officer Perry.

## II.    Heck v. Humphrey

Consistent with the claim for relief set forth in plaintiff's amended complaint, defendants argue that "[p]laintiff seeks to prove his innocence and overturn his convictions for aggravated assault, possession of firearms prohibited and carrying firearms in a public street under [42 U.S.C.] § 1983. Dkt. No. 16 at ECF p. 7. Defendants contend that plaintiff's "§ 1983 claims relating to his 2014 convictions . . . should be dismissed with prejudice[ ] as barred by the doctrine of Heck v. Humphrey." Id. at ECF p. 7. Under Heck, 512 U.S. 477, 486-87 (1994),

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck thus stands for "the principle that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." Id. at 486.

Defendants contend plaintiff's amended complaint "presumably challenges his

convictions on the basis of a Brady violation, wherein he alleges that exculpatory evidence was withheld from him during trial by the Defendants." Dkt. No. 16 at ECF p. 6-7; see Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that the withholding of exculpatory evidence upon request violates due process). Indeed, although plaintiff never expressly asserts that defendants' alleged conduct constitutes a Brady violation, his claims rest largely on his allegations that the evidence used to convict him was manufactured and that other exculpatory evidence was not presented at his trial. As defendants argue, "Brady claims have ranked within the traditional core of habeas corpus and outside the province of § 1983." Id. at ECF p. 7, quoting Skinner v. Switzer, 562 U.S. 521, 536 (2011). Plaintiff has not shown that he has achieved a favorable termination of state or federal habeas remedies challenging the lawfulness of his convictions, and thus his Section 1983 claims relating to the outcome of his 2014 criminal trial must be dismissed pursuant to Heck.[3]

Also, although defendants do not specifically seek to dismiss plaintiff's claim for malicious prosecution,[4] it must also be dismissed under Heck. "In order to subject a person to liability for malicious prosecution, the criminal proceedings must have terminated in favor of the accused." Newell v. Hernandez, No. 16-4779, 2017 WL 1333315, at *3 (E.D. Pa. Feb. 24, 2017), quoting Haefner v. Burkey, 626 A.2d 519, 521 (Pa. 1993) (further citations omitted). As

---

[3] If a complaint is vulnerable for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Given the relationship between plaintiff's claims and his criminal convictions, the Court finds that it would be futile to permit him leave to amend his pleadings prior to the invalidation of any of those convictions. Accordingly, the Court will dismiss plaintiff's Section 1983 claims to the extent that they challenge his 2014 convictions for aggravated assault, possession of firearms prohibited and carrying firearms in a public street. However, it will do so without prejudice to plaintiff filing a new civil action for damages against an appropriate defendant only in the event that plaintiff's convictions or sentence are elsewhere overturned or otherwise called into question.

[4] Because 28 U.S.C. § 1915(e)(2)(B)(ii) applies to plaintiff's claims (as he is proceeding pro se), the Court must dismiss any claim that is not sufficiently pled.

plaintiff has not alleged or otherwise shown that his criminal convictions no longer stand, he has not sufficiently pled favorable termination. Plaintiff's claims for malicious prosecution will be dismissed against all defendants.

### III. False Arrest and False Imprisonment

To the extent that Heck does not also bar plaintiff's claims for false arrest or false imprisonment, they are barred as untimely. Defendants argue that plaintiff's false arrest claim is barred by the applicable statute of limitations. And although defendants do not specifically seek to dismiss plaintiff's claim for false imprisonment, it is untimely as well. Pennsylvania's two-year limitations period applies to both of these claims. See 42 Pa. Cons. Stat. Ann. § 5524. His false arrest claim accrued on November 23, 2012, the date when he alleges that he was arrested, and thus he should have filed an action for false arrest by November 23, 2014. The two-year limitations period for a false imprisonment claim begins to run when an arrestee is arraigned. See Alexander v. Fletcher, 367 F. App'x 289, 290 n.2 (3d Cir. 2010), citing Wallace v. Kato, 549 U.S. 384, 389-90 (2007). Given that plaintiff was arrested on November 23, 2012, still remains in custody, and did not file this action until October 17, 2016, there is no allegation of facts that would make his false arrest or false imprisonment claims timely, even liberally construing the allegations in his complaint. Plaintiff's false arrest and false imprisonment claims must be dismissed.

### IV. Conclusion

It appears to the Court, that even though defendants other than Officer Perry have filed only a "partial motion to dismiss," Dkt. No. 16, and have filed an answer to plaintiff's complaint, Dkt. No. 17, plaintiff has not pled any claim sufficient to survive dismissal after application of Heck and the relevant statute of limitations. Because plaintiff is proceeding pro

se, 28 U.S.C. § 1915(e)(2)(B)(ii) applies to his claims and requires the Court to dismiss a his complaint if it fails to state a claim, even absent defendants' motion. Therefore, as it appears to the Court that no further viable claims remain in plaintiff's action, it will direct the Clerk of Court to mark this case as closed.

      An appropriate Order follows.